

FILED
2019 Nov-13  PM 02:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| GERALD SCOTT, | ) |
| Plaintiff | ) |
| v. | ) CASE NO. |
| BRETT J. EVANS, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Gerald Scott complains of defendant, stating as follows:

### Nature of the Action

1. This is a civil action brought by Gerald Scott against Colbert County Deputy Sheriff Sheriff Brett J. Evans, who violated plaintiff's constitutional rights, guaranteed by the Fourth Amendment, to be safe in his home, to not to be falsely arrested, and to not be subjected to excessive force.

### Jurisdiction and Venue

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

3. This judicial district is an appropriate venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the suit happened in

this judicial district.

## Parties

4. Gerald Scott is of legal age and a citizen and resident of the state of Alabama. He currently resides in Colbert County, Alabama.

5. Defendant Brett J. Evans was a Colbert County Deputy Sheriff at all relevant times.

6. Defendant is sued in his individual capacity only.

## Facts

7. On or about January 23, 2019, plaintiff's girlfriend called 911 and hung up.

8. Defendant was dispatched to check on the 911 hang up call from plaintiff's residence.

9. While en route to plaintiff's home, dispatch informed defendant that the girlfriend called to say there was no domestic violence, only arguing, and that the girlfriend had punched out a window.

10. Defendant arrived and went to the front door of plaintiff's home.

11. Inside, plaintiff, the girlfriend, and the girlfriend's father were sitting and watching a home video of a gospel singing with plaintiff's parents before they died.

12. Defendant, without permission, stormed through the front door and demanded that plaintiff stand and put his hands behind his back.

13. Plaintiff protested that he had done nothing wrong, that this was his house, and that the girlfriend was the one who called and the one who had knocked the window out.

14. Defendant insisted that plaintiff stand up and put his hands behind his back.

15. Plaintiff stood up.

16. Defendant then, without warning, swept plaintiff's legs out from under him, knocking him on his back.

17. Defendant got on top of plaintiff and demanded that plaintiff roll over.

18. Plaintiff could not roll over because defendant was on top of plaintiff.

19. Defendant began assaulting plaintiff.

20. Defendant punched plaintiff in his leg and his ribs and then, repeatedly, in the face.

21. Defendant then got off of plaintiff and rolled plaintiff over and cuffed plaintiff.

22. Plaintiff did not resist defendant or fight back.

23. Defendant arrested plaintiff and charged him with obstructing governmental operations and resisting arrest.

24. The charges were later dismissed.

25. Defendant acted with malice and/or with reckless indifference to

plaintiff's constitutional rights.

### Count I - 42 U.S.C. § 1983 - Unlawful Entry

26. On or about January 23, 2019, defendant, acting under color of law within the meaning of 42 U.S.C. § 1983, entered plaintiff's home without a warrant or exigent circumstance and without probable cause. Defendant did thereby deprive plaintiff of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, defendant violated plaintiff's right to be free from unlawful searches and seizures.

27. As a result of the conduct of defendant, plaintiff has been caused to suffer physical and emotional injuries and damages, including embarrassment and humiliation, and has incurred medical bills and other expenses.

### Count II - 42 U.S.C. § 1983 - Illegal Seizure

28. On or about January 23, 2019, defendant arrested plaintiff without probable cause and without a warrant. Defendant did thereby deprive plaintiff of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, defendant violated plaintiff's right to be free from unlawful searches and seizures.

29. As a result of the conduct of defendant, plaintiff has been caused to suffer physical and emotional injuries and damages, including embarrassment and humiliation, and has incurred medical bills and other expenses.

## Count IV - 42 U.S.C. § 1983 - Excessive Force

30. On or about January 23, 2019, defendant, acting under color of law within the meaning prescribed by 42 U.S.C. § 1983, assaulted and battered plaintiff. Defendant did thereby deprive plaintiff of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, defendant violated plaintiff's right to be free from excessive force.

31. As a result of the conduct of defendant, plaintiff has been caused to suffer physical and emotional injuries and damages, including embarrassment and humiliation, and has incurred medical bills and other expenses.

## Other Matters

32. All conditions precedent to the bringing of this suit have occurred.

## Relief Sought

33. As relief, plaintiff seeks the following:

   a. That plaintiff be awarded such compensatory damages as a jury shall determine from the evidence plaintiff is entitled to recover;

   b. That plaintiff be awarded against defendant such punitive damages as a jury shall determine from the evidence plaintiff is entitled to recover;

   c. That plaintiff be awarded prejudgment and postjudgment interest at the highest rates allowed by law;

   d. That plaintiff be awarded the costs of this action, reasonable attorney's fees, and reasonable expert witness fees;

  e. That plaintiff be awarded appropriate declaratory and injunctive relief; and

  f. That plaintiffs be awarded such other and further relief to which plaintiff is justly entitled.

**Dated November 13, 2019.**

          Respectfully submitted,


          <u>s/ Henry F. (Hank) Sherrod III</u>
          Henry F. (Hank) Sherrod III
          No. ASB-1200-D63H
          HENRY F. SHERROD III, P.C.
          119 South Court Street
          Florence, Alabama 35630
          Phone: 256-764-4141
          Fax: 877-684-0802
          Email: hank@alcivilrights.com

          Attorney for Plaintiff

## Jury Demand

Plaintiff requests a trial by jury.

s/ Henry F. (Hank) Sherrod III<br>
Henry F. (Hank) Sherrod III